

**ORDERED in the Southern District of Florida on October 26, 2009.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| **IN RE:** | |
| | Case No.: 08-22814-AJC |
| **8699 BISCAYNE, LLC**, | |
|     Debtor. | Chapter 11 |
| _____/ | |
| **8699 BISCAYNE, LLC**, Debtor-in-Possession | |
|     Plaintiff, | |
| v. | Adv. Pro. No. 08-01749-AJC |
| **INDIGO REAL ESTATE LLC**, as assignee of **WESTLB AG**, & **WESTLB AG**, a Foreign Corporation, **BUILDERFINANCIAL CORP.**, a Florida corporation; **BUILDER FUNDING**, **LLC**, a Delaware limited liability company, **BFSPE, LLC**, a Delaware limited liability Company, **BFWEST, LLC**, a Delaware limited Liability company, | |
|     Defendants. | |
| _____/ | |

**ORDER GRANTING MICHAEL SCAGLIONE'S
<u>MOTION TO INTERVENE AND PERMIT JOINDER AS PLAINTIFF IN ADVERSARY
CASE</u>**

This matter came before the Court for hearing on May 5, 2009 at 10:45 a.m., on the

Motion to Permit Joinder as Plaintiff in Adversary Case filed by Interested Party Michael

Scaglione [DKT 102] (the "**Motion to Permit Joinder**"), the Responses in Oppositions thereto

filed by Defendants WestLB AG, New York Branch ("**WestLB**") and Indigo Real Estate LLC ("**Indigo**") [DKT 111], and Defendants BFWest, LLC, Builder Funding, LLC, BFSPE, LLC, and BuilderFinancial Corp. (collectively, the "**Builder Defendants**") [DKT 113]. The Court has considered the Motion to Permit Joinder, the Defendants' responses thereto, and heard argument of counsel at the hearing on May 5, 2009.

Scaglione is an attorney, a member of Plaintiff 8699 Biscayne, LLC ("**Biscayne**"), and a personal guarantor of the debt that is the subject of this adversary proceeding. In his Motion to Permit Joinder, Scaglione requests that he be allowed to intervene and be joined as a "Party Plaintiff" in the adversary proceeding. The Defendants question whether Scaglione's motion formally seeks leave to intervene in this adversary proceeding, as the motion refers to joinder and Defendants argue that before joinder may be had, a party must file and prevail on a motion to intervene, pursuant to Fed. R. Bankr.P. 7024." *See In re Pontes*, 280 B.R. 20, 27 (Bankr. D.R.I. 2002), *aff'd*, 310 F. Supp. 2d 447 (D.R.I. 2004); *see also In re Coram Resource Network, Inc.*, 305 B.R. 386, 388 (quoting *In re Richman*, 104 F.3d 654, 658 (4th Cir. 1997)). Nevertheless, in the interests of fairness, the Court will construe the Motion to Permit Joinder as a request to intervene. The Court finds that Scaglione has met his burden justifying intervention and joinder.

## SUMMARY OF FACTS

On May 7, 2008, Biscayne, Scaglione, and other members of Biscayne, Jason Vance and Tamara Vance (the "**Vances**"), filed suit against BuilderFinancial Corp., Builder Funding LLC, BFSPE, LLC, BFWest, LLC (the "**Builder Defendants**") and WestLB in the Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County (Case No. 08-23543-CA-15), seeking a declaratory judgment that a note and mortgage signed by Debtor, and guaranteed by Scaglione,

EAST\42434143.3                                    2

were criminally usurious (the "**State Court Action**").  Scaglione signed the complaint as counsel for Debtor and the Vances.

On June 26, 2008, Lantern Holdings, Inc., Michael Kahl, and Andreas Gattinger (collectively, "**Lantern Holdings**") moved to intervene in the State Court Action, alleging that "Scaglione and the Vances defrauded [Lantern Holdings] in connection with the purchase of the Property [securing the Note and Mortgage]."

On September 1, 2008, Biscayne filed its voluntary petition for Chapter 11 relief in the main proceeding.  Schedule F to Biscayne's petition listed Scaglione as an unsecured creditor.  Schedule H listed him as a codebtor indebted to Indigo.

On September 10, 2008, Scaglione, on behalf of himself and as counsel for the Debtor, filed a Motion to Stay Remainder of Proceedings in the State Court Action, arguing that "the potential liability of [Scaglione as] guarantor is inextricably tied to the determination of the specific property issues" that would be determined in the bankruptcy proceeding.

On October 14, 2008, Gary Goldstein moved in the main proceeding to appear pro hac vice as counsel for Scaglione and the Vances.  Scaglione signed that motion, consenting to serve as Mr. Goldstein's local counsel.

On October 16, 2008, Lantern Holdings filed a motion in the main proceeding seeking entry of an Order appointing a Chapter 11 Trustee or converting the proceeding to a Chapter 7 proceeding.

On October 24, 2008, the Court entered an Order permitting Mr. Goldstein to appear pro hac vice as counsel for the Vances and Scaglione in the main proceeding "and any Adversary Proceeding as the representation may require . . . ."

On November 4, 2008, Biscayne initiated this adversary proceeding. Its initial complaint contained one count for declaratory relief, alleging that the subject loan documents—the same loan that Scaglione guaranteed—were criminally usurious, void and unenforceable.

That same day, the Court entered an order directing the United States Trustee to appoint a Chapter 11 Trustee. On November 5, 2008, the United States Trustee appointed Drew M. Dillworth as Chapter 11 Trustee. The Court approved Mr. Dillworth as Chapter 11 Trustee on November 10, 2008.

On November 17, 2008, Scaglione and the Vances filed a motion in the main proceeding to terminate the appointment of a Chapter 11 Trustee.

On December 29, 2008, Biscayne filed a motion to employ Rice Pugatch Robinson & Schiller, P.A. as special counsel to represent Biscayne to prosecute its claims against WestLB, Indigo and the Builder Defendants.

On December 30, 2008, the Court held a status conference at which Trustee Dillworth reported that the members of Biscayne (that is, Scaglione, the Vances and Lantern Holdings) wished to reinstate Debtor as a debtor-in-possession and to discharge him as Chapter 11 Trustee. Mr. Goldstein attended the status conference as counsel for Scaglione. At that conference, Mr. Rice advised the Court that Biscayne intended to amend its complaint. Later that day, the Court entered an Order authorizing Biscayne to employ Rice Pugatch Robinson & Schiller, P.A. as special counsel.

On January 5, 2009, the Court entered an Order discharging Mr. Dillworth as Chapter 11 Trustee and reinstating Debtor as debtor-in-possession.

On January 13, 2009, Biscayne filed a Motion to Abate in the State Court Action to which Scaglione filed no opposition. That same day, Scaglione filed proofs of claim on behalf of himself and the Vances pursuant to the settlement reached with Lantern Holdings.

On February 11, 2009, Biscayne filed its Amended Complaint in the adversary [DKT 30]. Like the original complaint, the Amended Complaint concerns the validity and enforceability of the note and mortgage signed by Debtor and guaranteed by Scaglione. Specifically, Count I sought to void the underlying mortgage as a fraudulent conveyance under the Bankruptcy Code. Count II sought to equitably subordinate each Defendants' claim. Count III sought to void the note and mortgage as usurious under Florida law.

On April 15, 2009, the Court held a hearing on Defendants' motions to dismiss the Amended Complaint and Debtor's "Cross" Motion for Summary Judgment. On April 28, 2009, Scaglione filed his Motion to Permit Joinder. While the motion to dismiss was pending under advisement the Debtor moved to again amend the Complaint. After notice and hearing, the Court granted the motion to amend and denied the motions to dismiss as moot. The motion to permit joinder remained pending.

## LEGAL STANDARD FOR INTERVENTION

Scaglione bears the burden of proving that this Court should permit his intervention. *See In re Noletto*, 281 B.R. 373, 375 (Bankr. S.D. Ala. 2001) (movant "bears the burden of proving that intervention should be allowed"). Bankruptcy Rule 7024 and Rule 24, Federal Rules of Civil Procedure, recognize two categories of intervention: "intervention as of right" and "permissive intervention." Unless a federal statute confers an unconditional right to intervene, intervention as of right requires showing that "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the

disposition of the action may, as a practical matter, impair or impede his/her ability to protect that interest unless the interest is adequately represented by existing parties." FED. R. CIV. P. 24(a)(2). Under Eleventh Circuit precedent, an applicant seeking intervention as of right "must show (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1212-13 (11th Cir. 1989).

Permissive intervention is within the Court's discretion upon a showing that "the applicant's claim or defense and the main action have a question of law or fact in common." FED. R. CIV. P. 24(b)(2). "A party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common. Even if both of the requirements are met, the court still has the discretion to deny intervention. *Chiles*, 865 F.2d at 1213. Federal Rule of Civil Procedure 24(c) requires that a motion to intervene "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

**LEGAL STANDARD FOR JOINDER**

Scaglione also bears the burden of proving that this Court should permit his joinder. In order for joinder of parties to be permissible under Federal Rule of Civil Procedure 20(a), a Plaintiff must establish two elements: (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact. See *Response Oncology, Inc. v. The Metrahealth Insurance Company*, 978 F.Supp. 105, 1059 (S.D. Fla. 1997) citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).

Bankruptcy Rule 7020 holds that Rule 20 of the Federal Rule of Civil Procedure applies in adversary proceedings. A comment to Local Rule 7003-1 of the Bankruptcy Court of the Southern District of Florida provides that a "plaintiff cannot obtain permissible joinder…based solely on the existence of similar or identical causes of action absent evidence that such right to relief was predicated on, or arising out of a single transaction or occurrence or series of occurrences." Only a person or entity that is already a party may make a motion for joinder. *See Premier Foods, Inc. v. City of Orlando*, 192 F.R.D. 310, 312 (M.D. Fla. 2000) (citing *Thompson v. Boggs*, 33 F.2d 847, 858 n.10 (7th Cir. 1994) (noting the lack of any precedent granting a non-party's motion for joinder)).

In determining whether joinder is appropriate, courts should consider whether joinder "promote[s] trial convenience and expedite[s] the resolution of disputes, thereby eliminating unnecessary lawsuits. *See Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1322 (11th Cir. 2000). A court is given discretion to decide the scope of a civil action and to make such orders as will prevent prejudice. *See City of Tampa v. Fourth Tug/Barge Corp, et. al*, 163 F.R.D. 622, 624 (M.D. Fla. 1995) (citing *Arrington v. City of Fairfield, Ala.*, 414 F.2d 687, 693 (5th Cir. 1969)).

A motion for joinder should be timely. *See Advisor's Capital Investments, Inc. v. Cumberland Casualty & Surety Company* and *I.G.I.C.*, WL 1521616, *1 (M.D. Fla. 2007) (citing *French v. Sellers*, WL 788863 (M.D. Ga. 2007) (denying plaintiff's motion for joinder filed after close of discovery because plaintiff could have moved to add party earlier in case and joinder would result in added prejudice, expense and/or delay to defendants)); *U.S. v. Timmons*, 672 F.2d 1373, 1480 (5th Cir. 1982) (denial of joinder appropriate where it did not serve the interests of judicial economy in view of the late state of litigation).

**LEGAL ANALYSIS**

A. <u>**The Motion to Permit Intervention and Joinder is Timely**</u>

Whether Scaglione's motion seeks joinder or intervention as of right or permissively, the motion must be timely. *See Chiles*, 865 F.2d at 1213; *Advisors*, WL 1521616 at *1. Factors relevant to whether Scaglione's motion is timely include: the length of time during which Scaglione knew or reasonably should have known of his interest in the case before moving to intervene or for joinder, the extent of prejudice to the existing parties as a result of Scaglione's intervention or joinder at this early stage in the adversary proceeding, the extent of prejudice to Scaglione if his motion is denied, and the existence of unusual circumstances militating either for or against a determination that the motion was timely. *See id.*

Biscayne filed its petition in the main proceeding in September 2008, about one year ago, but this adversary proceeding was not filed until November 4, 2008, amidst the appointment of a trustee and is still in its early stages. Following the Court's appointing a Chapter 11 Trustee, Scaglione and his counsel, Mr. Goldstein, worked to discharge Trustee Dillworth and sought to retain Mr. Rice to prosecute Biscayne's claims in the adversary proceeding. Not long thereafter, the instant motion was filed. Considering the circumstances under which the Debtor and Scaglione were operating, including working with the trustee, the Court does not find the filing of the motion to be untimely. Notwithstanding the approximate four to five month lapse since the inception of the case, the litigation in this proceeding is not far progressed. The issues are not yet joined as the Plaintiff Debtor has only recently amended the Complaint and a new motion to dismiss was just argued. Because the parties are still disputing the sufficiency of the Complaint and because discovery has not been completed, the Court finds the filing of the motion is timely.

Permitting Scaglione to intervene at this stage of the litigation to join in Plaintiff's Complaint is appropriate and would not, given the current stage of pleadings and discovery, unreasonably delay this adversary proceeding.

### B. Scaglione's Interests Not Adequately Protected

Scaglione may intervene in this case to protect his interests. While Biscayne is adequately represented in this proceeding by competent counsel, that counsel does not and cannot represent Scaglione too regarding the claims in the adversary proceeding. Scaglione's interests, while arising from the same transaction, may not be identical to the interests of the Debtor but must nonetheless be decided together with the other claims from the transaction(s). Therefore, Scaglione may intervene in this case and is permitted to join in the Complaint to pursue all claims relevant to the transaction which is the subject of the Complaint.

### C. Prejudice to Scaglione if Motion Not Granted

Because this Court's findings may be binding on Scaglione and because the claims and causes of action he may pursue herein arise from the same transaction and occurrences, Scaglione's intervention and joinder as a party is warranted.

### D. Prejudice to the Defendants

Scaglione's intervention and joinder in these proceedings will not prejudice the Defendants, and any prejudice that may be claimed is far outweighed by the prejudice to Scaglione if he is not permitted to pursue and defend claims in this case. This adversary proceeding is still in its infant stages; Defendants have not answered the Complaint. The Court is still addressing the sufficiency of the Complaint and discovery has yet to be completed in its entirety. It therefore appears that all rights of the Defendants are reserved and they have the opportunity to assert their rights at every stage in this case. Accordingly, it is

**ORDERED AND ADJUDGED** that Michael Scaglione's Motion to Permit Joinder is GRANTED and he may intervene and join in the second amended Complaint.

# # #

*Conformed Copies to:*
Gary Goldstein
Michael Scaglione
Philip V. Martino
Paul DeCailly
James W. Carpenter
Arthur Rice