

**ORDERED in the Southern District of Florida on April 05, 2011.**

_A. Jay Cristol_
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 08-22814-AJC |
| 8699 BISCAYNE, LLC | Chapter 11 |
| _____/ | |
| 8699 BISCAYNE, LLC, Debtor in Possession | Adversary No.: 08-01749-AJC |
| Plaintiff, | |

vs.

INDIGO REAL ESTATE, LLC, as assignee of
WESTLB AG, & WESTLB AG, a Foreign Corporation
BUILDERFINANCIAL, CORP., a Florida corporation
BUILDER FUNDING, LLC, a Delaware limited liability
company, BFSPE, LLC a Delaware limited liability
company, BFWEST, LLC, a Delaware limited liability
company,

    Defendants.
_____/

**MEMORANDUM ORDER DENYING DEFENDANTS', BFWEST, LLC, BFSPE,
LLC, BUILDER FUNDING, LLC AND BUILDERFINANCIAL CORP.'S MOTIONS
FOR PROTECTIVE ORDER**

THIS CAUSE came before the Court for hearing on March 8, 2011 and again on March 21, 2011 upon Defendants', BFWEST, LLC, BFSPE, LLC, BUILDER FUNDING, LLC, and BUILDERFINANCIAL CORP. (collectively, "Defendants"), Motion for Protective Order regarding the Notice of Taking Deposition of Andrew Heller scheduled for February 28, 2011 and the Notice of Taking Deposition of WESTLB AG scheduled for February 23, 2011 (the "Motion") [D.E. 248] and the Motion for Protective Order regarding the Notice of Taking Deposition of Records Custodian of McGladrey & Pullen, LLC for March 8, 2011 and Notice of Taking Deposition of Huguette Beaulieu for March 9, 2011 (ECF No. 262). The Court having reviewed the Motions, the file, and otherwise being fully familiar in the circumstances, denies the motions for the reasons set forth herein.

## Background

On August 17, 2009, Plaintiff, 8699 BISCAYNE, LLC ("Plaintiff") filed its Second Amended Complaint seeking declaratory relief in conjunction with allegations of usury relating to a certain promissory note, mortgage and other loan documents as executed between Plaintiff and Defendants [D.E. 30]. Following the Court's grant of Plaintiff's Motion to Approve Settlement Pursuant to B.R. 9019 with co-Defendants, INDIGO REAL ESTATE, LLC and WESTLB AG on February 16, 2011 (the "Settlement Order") [D.E. 250], Plaintiff's usury claims against Defendants are the sole remaining issues present in this adversary action.

On or about January 31, 2011, Plaintiff served Defendants with the Notice of Taking Deposition of Andrew Heller scheduled for February 28, 2011 and the Notice of Taking Deposition of a representative of WESTLB who is "knowledgeable with respect to the manner in which fees were earned by BUILDERFINANCIAL CORP. or its affiliates with respect to loans

2

ultimately used to collateralize the loan from WESTLB to BUILDERFINANCIAL CORP. or its affiliates", scheduled for February 23, 2011 (the "Notices of Deposition") [D.E. 246, 247].

On February 15, 2011, Defendants filed their Motion for Protective Order in response to the Notices of Deposition [D.E. 248]. Thereafter, the Defendants filed their Motion for Protective Order regarding the Notice of Taking Deposition of Records Custodian of McGladrey & Pullen, LLC for March 8, 2011 and Notice of Taking Deposition of Huguette Beaulieu for March 9, 2011 (ECF No. 262)

## Analysis

As outlined by the Court during the March 8, 2011 hearing, the Settlement Order served to release INDIGO REAL ESTATE, LLC and WESTLB AG ("WESTLB") from the instant adversary action. As a result of that disposition, WESTLB no longer is a party to the adversary action, such that the mere Notice of Taking Deposition of WESTLB is inoperative without proper service of a related subpoena upon WESTLB. As there has been no such subpoena, the Motion is denied as moot as to WESTLB, because the related Notice was ineffectual. This order is without prejudice to Debtor issuing a proper subpoena to take the deposition of WESTLB. Thus, to the extent that the Plaintiff is able to serve a proper subpoena on WestLB (and the Court notes that counsel for WestLB has agreed to accept service of such a subpoena to take WestLB's deposition in New York City, where it is located, at a mutually agreeable time and date), the Plaintiff is permitted to take such deposition.

Defendants further asserted standing to invoke protection against the depositions of Andrew Heller, who is and was affiliated with Defendants as a founder and investor of at least one of the Defendants and Huguette Beaulieu, who is a former employee of the Defendants in charge of underwriting loans. This standing was also asserted based upon the fact that Plaintiff

3

has already taken the depositions of four (4) persons related to the Defendants, three (3) of which had direct involvement with the Loan between Plaintiff and Defendants (the "Loan"). Defendants contend these discovery requests of Plaintiff are redundant, duplicative and unnecessary as they would delve into matters already clearly and repeatedly explained and answered by the prior deponents, such that this deposition would only lead to added cost, delay and waste among the parties.  Upon consideration, the Court concludes there is no basis upon which to issue a protective order and, for the following reasons, the Court denies the motions for protective order with respect to the depositions of Andrew Heller, Huguette Beaulieu and the Records Custodian of McGladrey & Pullen, LLC.

"Rule 26(c) of the Federal Rules of Civil Procedure requires the party moving for a protective order to demonstrate 'good cause' for limiting the discovery sought." *Jennings v. Family Mgmt*, 201 F.R.D. 272, 275 (D.D.C. 2001); *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998); *Lohrenz v. Donnelly*, 187 F.R.D. 1, 3 (D.D.C. 1999). "To do so, the movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements." 201 F.R.D. at 275 (citation omitted). "In fact, the moving party has a heavy burden of showing extraordinary circumstances based on specific facts that would justify such an order." *Id.* (citation omitted); *see also Bucher v. Richardson Hospital Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994) (stating that protective orders prohibiting depositions are "rarely granted" and then only if the movant shows a "particular and compelling need" for such all order)). The movant "must demonstrate that the discovery sought lacks relevance to the extent that the likelihood and severity of the harm or injury caused by the deposition outweighs any need for the information." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (quoting *UAI Technology, Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988) (defining relevant information

broadly as any matter that bears on or could bear on 'any issue that is or may be in the case') (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)).

"Moreover, in the case of a protective order related to deposition testimony, courts regard the complete prohibition of a deposition as an extraordinary measure which should be resorted to only in rare occasions." 201 F.R.D. at 275; *see also Alexander*, 186 F.R.D. at 75 (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Naftchi v. New York Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997) ("It is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition."); *Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993) ("Protective orders prohibiting depositions are rarely granted."); *Rolscreen v. Pella Prods. of St. Louis, Inc.*, 145 F.R.D. 92, 96 ("Protective orders which totally prohibit the deposition of an individual are rarely granted absent extraordinary circumstances."); *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988) ("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition."). "Accordingly, courts apply a balancing test, weighing the movant's proffer of harm against the adversary's 'significant interest' in preparing for trial." 201 F.R.D. at 275; *see also Lohrenz*, 187 F.R.D. at 3 *Alexander*, 186 F.R.D. at 75.

The Defendants have a heavy burden of proffering extraordinary circumstances that demonstrate the subject deposition has little relevance to any issues in this case and that the likelihood and severity of harm or injury caused by the depositions outweighs any need for the information. The Court believes the Defendants have not demonstrated a lack of relevance or likelihood of severe harm.

First, the Defendants' argument regarding a statement made by the Plaintiff's counsel at a prior hearing indicating discovery was completed is insufficient to support issuance of a protective order. The pretrial conference, *and all relevant deadlines*, was continued at the request of the Defendants. Thus, notwithstanding Plaintiff's belief that discovery was complete at the time the statement was made, discovery deadlines were extended (at the request of the Defendants) and Plaintiff is therefore entitled to continue with discovery it may believe is relevant.

Second, the Defendants have failed to demonstrate that the depositions that the Plaintiff seeks to take have little relevance to "any matter that bears on or could bear on any issue that is or may be in the case." *UAI Technology, Inc.*, 122 F.R.D. at 191 (quoting *Sanders*, 437 U.S. at 351). As the Plaintiff's counsel indicated at the hearing on March 8, 2011, Andrew Heller is an original investor and founder of the Defendants and Huguette Beaulieu is a former employee of the Defendants, in charge of underwriting the loans. Both individuals were identified by Kyle Meyer during his deposition as those who may possess relevant information or knowledge regarding certain factual issues in this case. The Defendants emphasize that George Henderson has been designated as the person "most knowledgeable" about the subject loan and any issues in this case, but that fact alone does not negate the relevance of the information that the Plaintiff may be able to obtain from Mr. Heller and/or Mr. Beaulieu, nor does that fact preclude the taking of the depositions to determine whether Mr. Henderson was indeed most knowledgeable. Accordingly, the Defendants have failed to meet their burden of demonstrating that the deposition testimony of Mr. Heller or Mr. Beaulieu would bear little relevance to any issues in this case.

The Defendants' conclusory assertion of harm to be caused by the subject depositions is also insufficient to support the issuance of a protective order. The Defendants claim that the Plaintiff's "most recent discovery requests [are] extended 'fishing expeditions' which will only lead to added cost, delay and waste amongst the parties." The Court does not believe that such allegations justify a protective order. "The Advisory Committee Notes to Rule 26 indicate[, however,] that '[t]he purpose of discovery is to allow a broad search or facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." *Stern v. O'Quinn*, 253 F.R.D. 663, 670 (S.D. Fla. 2008) (quoting Adv. Com. Notes, 1946 Amendment, Fed. R. Civ. P. 26). "Indeed, the Advisory Committee Notes approvingly cite language from a case stating that 'the Rules . . . permit fishing for evidence as they should.'" *Id.*; *see also Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case."). The Defendants have not set forth any "extraordinary circumstances" which would justify the extraordinary relief of complete prohibition of the depositions sought.

On a final note, as to the deposition of the Records Custodian for the former accountants to the Defendants, McGladrey & Pullen, LLP ("McGladrey"), the Defendants argue that "discovery of 'opinions' held by [McGladrey] regarding whether loans issued by Defendants were usurious" is protected under the attorney-client privilege and the work-product doctrine. The "accountant-client privilege" does not exist under federal law. *See*, *e.g.*, *American Elec. Power Co. v United States*, 191 F.R.D. 132 (S.D. Ohio 1999). Even if the Court were to consider such a privilege, the Defendants have failed to set forth any basis for the claimed privilege.

The party asserting privilege and resisting discovery has the burden of establishing the existence of such privilege; blanket assertions of privilege are insufficient to satisfy this burden, rather, the party claiming the privilege must supply its opposing counsel with sufficient information to assess the applicability of privilege or protection, without revealing information which is privileged or protected. *Burns v. Imagine Films Entertainment*, 164 F.R.D. 589 (W.D.N.Y. 1996). The Defendants have failed to so demonstrate. In any event, it appears Plaintiff is only seeking the deposition of the Records Custodian for McGladrey and will not be seeking to elicit testimony that may be privileged. The Defendants have already produced to the Plaintiff, without any contest, all of the auditing reports and financial reports that McGladrey conducted for each of the four entities of the Defendants.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Motions for Protective Order are **DENIED**.

\* \* \*

Copies furnished to:

Arthur Halsey Rice, Esq.
James W. Carpenter, Esq.

Attorney Rice shall mail a copy of this Order to all interested parties immediately upon receipt and shall file a Certificate of Service with the Court.